**In re Adolfo S. GALVEZ, Medical/Surgical Walk–In Clinic, Ma Auxiliadora M. Galvez, Maria Galvez, Debtors.**

**Bankruptcy No. 86–2684–8P7.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Sept. 25, 1990.

A. Karl Stevens, Tampa, Fla., for debtors.

V. John Brook, St. Petersburg, Fla., Trustee.

## ORDER ON MOTION FOR CIVIL CONTEMPT

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 7 case. The matter under consideration is a Motion for Sanctions against A. Karl Stevens, attorney for the Debtor. The Motion was filed by V. John Brook, the Trustee of this Debtor's estate. The Court has considered the Motion, together with the record and argument of counsel, and is satisfied that it is appropriate to treat the Trustee's Motion for Sanctions as a Motion for Civil Contempt and to enter an order accordingly.

A review of the record indicates that this Court held a hearing pursuant to an Order To Show Cause regarding the reasonableness of the attorney fees charged and collected in this case by A. Karl Stevens, attorney for the Debtor. Thereafter, this Court entered an Order directing A. Karl Stevens to turn over to the Trustee $1,500.00 within thirty (30) days of the date of the entry of the Order, the sum which was found to be in excess of the reasonable fee. Mr. Stevens failed to do so, and the Trustee filed a Motion for Sanctions.

The Trustee's Motion for Sanctions relies on no specific statute or rule. If any relief can be granted to the Trustee for Stevens' willful violation of the Court Order, it must be based on the general contempt power of the Court to punish for civil contempt an entity who willfully disobeyed the Court. Therefore, this Court is treating the Trustee's Motion for Sanctions as Motion for Civil Contempt.

■ It has been generally recognized that bankruptcy courts have inherent contempt power to enforce compliance with their lawful judicial orders. This power is inherent in that the authority to hear and determine disputes and to issue judicial orders carries with it the power to enforce those Orders. *United States v. Hudson & Goodwin*, 11 U.S. (7 Cranch) 32, 3 L.Ed. 259 (1812); *In re Debs*, 158 U.S. 564, 15 S.Ct. 900, 39 L.Ed. 1092 (1895); *Francis v. People of Virgin Islands*, 11 F.2d 860 (4th Cir.1926); *Fleming v. United States*, 279

F. 613 (9th Cir.1922), *cert. den.*, 260 U.S. 752, 43 S.Ct. 10, 67 L.Ed. 496 (1922); *United States v. Talbot*, 133 F.Supp. 120 (D.Alaska, 1955); *In re Jolly Joint, Inc.*, 9 BCD 841, 23 B.R. 395 (Bkrtcy.E.D.N.Y. 1982); *Shillitani v. United States*, 384 U.S. 364, 370, 86 S.Ct. 1531, 1535, 16 L.Ed.2d 622 (1966); *1 Collier on Bankruptcy*, 3.01, 3–109 (15th Ed.1983); *2 Collier on Bankruptcy*, 105.03, at 105–7 (15th Ed.1985). Further, the bankruptcy court's power in this area is not just limited to the power to impose sanctions. *See generally, In re Miller*, 81 B.R. 669 (Bankr.M.D.Fla. 1988).

The issue of whether bankruptcy courts have contempt power has been litigated recently. In *In re Sequoia Auto Brokers, Ltd., Inc.*, 827 F.2d 1281 (9th Cir.1987), the Ninth Circuit Court of Appeals held that the inherent power to cite and punish one for contempt is reserved to judges appointed pursuant to Article III of the Constitution. The *Sequoia* court based its reasoning on *Young v. U.S. ex rel. Vuitton et Fils, S.A.*, 481 U.S. 787, 107 S.Ct. 2124, 95 L.Ed.2d 740 (1984); however, this Court finds nothing in *Young* to support the premise in *Sequoia*. Instead, *Young* stands for the proposition that the ability to penalize disobedience of a valid order entered by a court of competent jurisdiction is essential to ensuring that the judiciary has a means to vindicate its authority without complete dependence on other branches. *Young, supra*. *Young* does not provide that this power is limited to Article III courts. The *Sequoia* court also held that there is no longer a statutory grant of civil contempt power since the jurisdictional grant of the Bankruptcy Reform Act of 1978, 28 U.S.C. § 1471, et seq., including Section 1481 which dealt with contempt, was struck down by the Supreme Court in *Northern Pipeline Construction Co. v. Marathon Pipeline Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982). *Sequoia, supra*.

The Fourth Circuit Court of Appeals declined to follow *Sequoia* and held that a bankruptcy court had the power to hold an attorney in contempt because he failed to comply with a previous order of the bankruptcy court. *In re Walters*, 868 F.2d 665 (4th Cir.1989). The court in *Walters* relied on 11 U.S.C. § 105(a) which provides as follows:

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title.

In reaching its conclusion, the *Walters* court relied on the plain language of § 105, along with the fact that former § 1481 of the Code, repealed in 1984, clearly conferred civil contempt powers on the bankruptcy courts. The court reasoned that Congress conferred this power on bankruptcy courts on one occasion and might do so again. Because Article I of the Constitution permits Congress to create bankruptcy courts, the *Walters* court held that a grant of civil contempt power to bankruptcy courts is constitutional. *In re Walters*, at 670.

■ This Court has also declined to follow *Sequoia* and is satisfied that non-Article III courts have inherent power to enforce the lawful court orders issued in a proceeding over which the court had jurisdiction, even absent specific statutory authorization. *See In re Miller*, at 675. However, it is not necessary to determine whether civil contempt power exists absent statutory authorization because this Court, along with the court in *Walters*, finds such authority in § 105 of the Bankruptcy Code.

In addition to finding contempt authority in § 105 of the Bankruptcy Code, this Court finds support for contempt power of bankruptcy courts in Bankruptcy Rule 9020. Bankruptcy Rule 9020 authorizes a bankruptcy judge to punish for civil contempt after a hearing on notice. Bankruptcy Rule 9020(b). An order of the bankruptcy court determining contempt has the force and effect of an order determining contempt entered by the District Court unless the entity cited for contempt files and serves with the clerk an objection to the determination of the bankruptcy court. Bankruptcy Rule 9020(c).

Based on § 105 of the Bankruptcy Code, it is

ORDERED, ADJUDGED AND DE-CREED that the Trustee's Motion for Civil Contempt is granted and this Court makes a determination that A. Karl Stevens is guilty of civil contempt. Further, it is

ORDERED, ADJUDGED AND DE-CREED that A. Karl Stevens may purge himself of this finding by turning over to the Trustee for the benefit of the estate $1,500.00 within thirty (30) days of the date of the entry of this Order. If Mr. Stevens fails to comply with this Order within thirty (30) days, he will be fined $500.00 every day thereafter until he complies with this Order.

DONE AND ORDERED.